**BRUCKNER TRUCK SALES, INC.,**
**Appellant,**

v.

**Chris GIBBS, Appellee.**

No. 7177.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 15, 1962.

Folley, Snodgrass & Calhoun, Amarillo, for appellant.

Monning & Monning, Amarillo, Hugh Umphres, Amarillo, of counsel, for appellee.

NORTHCUTT, Justice.

Bruckner Truck Sales, Inc. will hereafter be referred to as appellant and Chris Gibbs as appellee. Bruckner Truck Sales, Inc. was in the business of selling Mack Trucks. When sales were made on credit, the paper belonged to the Mack Truck Company, but was endorsed by the Bruckner Truck Sales, Inc.; and after such sales were made, Bruckner Truck Sales, Inc. then acted as collection agent for Mack Truck Company, which had its office in Oklahoma City.

Pursuant to such procedure, the appellant had sold to appellee's son, Charles Gibbs, a number of trucks over a period of years. Payment on three of the trucks and other obligations owing by the son were in default, and appellant was in the process of repossessing the trucks on June 12, 1960, when appellee called on Bruckner to intercede in behalf of his son. Bruckner told appellee exactly what sum would have to be paid and for what items if repossession of the trucks was to be avoided. Appellee left to procure a cashier's check for that sum, since appellant had refused to accept appellee's personal check, and Bruckner left with his bookkeeper an itemized statement of the payments required. The statement was introduced as Plaintiff's Exhibit No. 1 and is as follows:

| "H Model | 5–15 | 430.18 | |
|---|---|---|---|
| | 6–15 | 430.18 | |
| B61T–15362 | 5–15 | 315.13 | |
| | 6–15 | 315.13 | |
| B61T–13951 | 5–5 | 317.70 | |
| | 6–5 | 317.70 | |
| B61T–22051 | 5–10 | 358.03 | |
| (W. L. Robinson) | | 2484.05 | |
| Calhoun | June 1 | 126.80 | ANB |
| Recover | | 150.00 | |
| Bal. open acct. adjustment on Norton truck | | 459.88 | |
| June 13–60 Paid | | 3220.73 | |

BRUCKNER TRUCK SALES, INC.
701–703 N. Fillmore—P.O. Box 388
Amarillo, Texas
    /s/ B. M. Bruckner"

Appellee returned and gave to appellant's bookkeeper a cashier's check for $3,220.73, the amount shown by the statement.

The two payments due on Truck B61T–15362 in the total sum of $630.26 and the two payments due on Truck B61T–13951 in the total sum of $635.40 as shown by the statement was not paid by appellant to Mack Truck Company, owner of the indebtedness. Appellee thereafter paid Mack Truck Company the indebtedness against the trucks which included the $1,265.66 that appellant had not paid. Thereafter appellant applied $1,087.00 of the $1,265.66 to other indebtedness owed by appellee's son but in no way connected with the statement above mentioned and sent appellant's check for the remaining $178.66 to appellee.

Appellee brought this action to recover the $1,265.66 which he had paid to appellant to apply to the two $315.13 payments and the two $317.70 payments included in the above mentioned statement. Judgment was entered in favor of appellee for the sum of $1,087.00 which was the difference after deducting the $178.66 from the $1,265.66 and from that judgment appellant perfected this appeal.

Appellant presents this appeal upon the following two points of error:

### "POINT OF ERROR NO. ONE

"The trial court erred in rendering judgment for the appellee herein, for the reason that said judgment is not supported by the evidence in that the evidence is conclusive that the money advanced by the appellee was either a loan, gift, or an investment to Gibbs Grain & Steel.

### "POINT OF ERROR NO. TWO

"The trial court erred in rendering judgment for the appellee for the reason that the evidence was conclusive that Virgil Belcher had apparent authority to act for appellee as his agent, and appellee is now estopped to deny it."

There is no question under this record how the $3,220.73 was to be applied. The payments were to be applied to the specific items listed in the statement. Appellant had no option but to make application of the payment as directed and agreed upon. Gourley v. Iverson Tool Co. et al., Tex.Civ. App., 186 S.W.2d 726, writ refused WM. Appellee did not make a direct loan or gift to his son to go and settle with appellant, but appellee personally paid the items listed that appellee was to pay to Bruckner Truck Sales, Inc. on the mortgage. When appellee paid for the items appellant was to pay but did not, appellee was entitled to recover from appellant such sum. There is no evidence that Belcher ever worked for appellee in any manner, and all of the evidence shows that in all transactions the appellant had with Belcher he was acting as the agent of appellee's son and not as agent of appellee. We think the trial court was justified under this record in holding Belcher had no authority to act for appellee. Judgment of the trial court is affirmed.